WILLIAMS, CLARKE CO., FOR ATLAS TRADING CO. ET AL. *v.*
UNITED STATES

No. 5034.—Invoices dated Dairen, June 25, 1937, etc.
Certified June 26, 1937, etc.
Entered at Los Angeles, Calif., July 31, 1937, New York May 18, 1938, etc.
Entry Nos. 1202, 829956, etc.

(Decided October 15, 1940)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiffs.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard F. Weeks, Joseph E. Weil*, and *Samuel D. Spector*, special attorneys), for the defendant.

DALLINGER, Judge: These consolidated appeals to reappraisement involve the question of the dutiable value of certain hooked rugs exported from Manchuria between June 1937 and February 1939, and entered at the port of Los Angeles, Calif.

At the hearing counsel for the importers stated:

Mr. GOTTFRIED. If your Honor please, the issue in this case relates solely to a 10 per cent commission. The question resolves itself as to whether or not that commission is a buying commission or a selling commission. If a buying commission it would be non-dutiable, and selling commission, of course, would be dutiable.

Rupert Sewelson, general manager of the Atlas Trading Co., one of the importers herein, testified that he purchased merchandise through the Asiatic Transport Co. rather than direct from Kurano & Co., the actual manufacturer thereof; that said Asiatic Transport Co. inspected the merchandise to see that it fully conformed to specifications; and that a commission was charged for such services over and above the actual cost of the goods.

The plaintiffs introduced, as exhibit 1, a letter dated November 24, 1938, with a price list attached, addressed to Atlas Trading Co. from Oriental Purchasing Co. of Kobe, Japan, offering to sell hooked rugs manufactured by Kurano at a price, plus 5 per centum commission. It is significant that said price list bears the heading of the Oriental Purchasing Co.

The defendant introduced, as exhibit 3, a certified copy of a report of Irving S. Brown, Treasury representative, dated May 13, 1938, which relates to shipments of hooked rugs shipped by Asiatic Transport Co. of Dairen to the Atlas Trading Co. Under the heading "Relations of Manufacturer and Shipper" the report states that—

There is no written agreement between T. Kurano & Co. and the Asiatic Transport Co., but Kurano sells only to the Asiatic Transport, and the Asiatic Transport obtains goods only from Kurano. Kurano is the only rug manufacturer in Dairen, and the Asiatic Transport the only rug shipper.

The situation is thus further explained in said report:

Theoretically all the merchandise shipped is produced pursuant to special order. In practice, however, the Asiatic Transport, with Kurano as its sole source of supply, must have that source always available as a going concern, while Kurano, with the Asiatic Transport as its sole outlet, can look only to the latter company for enough business to keep going. Thus Kurano has to make, and the Asiatic Transport has to buy, a certain volume all the time. When business is good, manufacture is on practically a special order basis, while in slack times the Asiatic Transport accumulates a stock of popular standard patterns in anticipation of future orders.

Defendant's exhibit 4, a duly certified photostatic copy of a report of Martin G. Scott, Treasury attaché, dated February 1, 1939, shows that during 1934 and the first half of 1935 Kurano made no direct sales to American purchasers, but that during such period all sales were made to or through the Oriental Purchasing Co. of Kobe, and that by agreement no orders could be placed direct with Kurano, but only through the Oriental Purchasing Co.

In my opinion there is sufficient evidence in this record to establish that these rugs manufactured by Kurano were never sold or offered for sale by him directly to any American importer in the ordinary course of trade, but that by agreement all of the herein involved rugs manufactured by said Kurano were sold to the Asiatic Transport Co. of Dairen. Therefore the items of commission, whether or not designated on the invoice as buying or selling commission, are in fact not commissions at all, but represent at least a part of the profit of the exporter herein.

On the record I find the proper dutiable export values of the involved merchandise to be the values returned by the appraiser. Judgment will be rendered accordingly.